IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY BERMAN,**
      **Plaintiff,**

      v.                                  **Case No. 2:06-CV-39**
                                            **JUDGE EDMUND A. SARGUS, JR.**
                                            **Magistrate Judge Norah McCann King**

**HON. RICHARD S. SHEWARD,**
      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's January 17, 2006 Motion for Temporary Restraining Order (Doc. #4). For the reasons that follow, the motion is denied.

### I.

Plaintiff, Larry Berman ["Plaintiff"], who is proceeding without the assistance of counsel, brings the instant action for alleged constitutional violations pursuant to 42 U.S.C. § 1983 and
§§ 1981- 1989 against the Honorable Richard S. Sheward, Franklin County Common Pleas Judge. Plaintiff takes issue with Judge Sheward's rulings in a breach of contract case pending in state court. Contemporaneous with filing this action, Plaintiff filed a request for temporary injunctive relief to prevent an evidentiary hearing scheduled in the state court on January 19, 2006 at 1:30 p.m. Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

In the Complaint, Plaintiff details various factual occurrences in connection with his state court case. The essence of the claims are that Judge Sheward allegedly refused to rule on certain

of Plaintiff's motions, improperly granted summary judgment against Plaintiff ,and held Plaintiff in contempt. (*See Complaint* at ¶¶ 6, 9, 11-16). Plaintiff seeks declaratory judgment and requests that this Court take jurisdiction over the state law case. Plaintiff also seeks to enjoin an evidentiary hearing[1] scheduled for January 19, 2006.

**II.**

In determining whether to issue a Temporary Restraining Order under Fed. R. Civ. P. 65, the Court considers the following factors: (1) whether the movant has a strong or substantial likelihood of success on the merits: (2) whether irreparable harm will result without an injunction; (3) whether the issuance of an injunction will result in substantial harm to others; and (4) whether the public interest is advanced by an injunction. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

With respect to the first element, the Court finds that Plaintiff is not likely to succeed on the merits of this case. This is so because the Court finds that it is without subject matter jurisdiction to entertain the Plaintiff's claims. This Court is one of limited jurisdiction under Article III of the United States Constitution and, accordingly, the Court is obligated to examine whether it has subject matter jurisdiction over a particular case. *See e.g., In re Wolverine Radio Company*, 930 F.2d 1132 (6th Cir. 1991).

This Court is without subject matter jurisdiction because it cannot sit in review of state

---

[1]As best the Court can discern from the Complaint, the evidentiary hearing relates to a contempt issue.

court proceedings. Under the *Rooker-Feldman* doctrine[2], federal review of state court proceedings is jurisdictionally limited by 28 U.S.C. § 1257[3]. The *Rooker-Feldman* doctrine establishes that the district courts lack subject matter jurisdiction over challenges to the constitutionality of judicial acts in the courts of the several states. Recently, the Supreme Court observed that the *Rooker-Feldman* doctrine should be confined to the kind of cases from which the doctrine acquired its name, namely "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005).

Under the *Rooker-Feldman* doctrine, it would be improper for this Court to exercise jurisdiction over this case, which is the functional equivalent of an appeal from a decision in state court unfavorable to Plaintiff. The doctrine bars Plaintiff "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights . . . ." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

Furthermore, to the extent the state court case remains pending for purposes of

---

[2]The doctrine takes its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3]The statute provides:
Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257 (a).

addressing the contempt issue, the Court abstains from considering the matter under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court must abstain from enjoining a pending state criminal proceeding. The doctrine was later extended to "non-criminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citations omitted). The Supreme Court further extended the doctrine to state civil proceedings in the case of *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). In *Pennzoil*, the Court held that federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Id*.

In considering whether *Younger* abstention is warranted, the Court considers the following factors: (1) whether state proceedings are pending; (2) whether the state proceedings involve an important state interest; and (3) whether the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir.1989)

Applying these factors to this case, the Court finds that abstention is warranted. As far as the Court can discern from Plaintiff's filings, Plaintiff has lost on his substantive claims but an outstanding contempt issue remains, for which a hearing is scheduled on January 19, 2006. Thus, there is a pending state proceeding. This proceeding is of important state interest, in the Court's view. Further, the Court has no reason to doubt that the Plaintiff will have adequate opportunity to raise any constitutional claim in the state forum.

In sum, the Court finds that it is without jurisdiction to issue a Temporary Restraining Order in this case. In addition, as to the remaining contempt issue in state court, this Court abstains from interfering with the same.

### III.

For the foregoing reasons, the Plaintiff's Motion for Temporary Restraining Order (**Doc. #4**) is **DENIED**. Plaintiff may file, within **ten (10) days** from date of this Order, a Memorandum addressing the question of why this Court should not dismiss the case in its entirety based on lack of subject matter jurisdiction in this Court.

**IT IS SO ORDERED.**

\_\_1-18-06_____              /s/   *Edmund A. Sargus, Jr.*_____
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**